UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


OMETRIUS PEREZ,                    :
        Plaintiff,                :
                                   :
    v.                             :      CASE NO. 3:12-cv-1591 (VLB)
                                   :
LEO ARNONE, et al.,                :
        Defendants.               :


**RULING ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION [Doc. #5]**

The plaintiff seeks an order requiring the defendants to provide him auxiliary aids, adaptive equipment, prescription eyeglasses, a single cell in his current housing unit with no transfer to another unit, reasonable accommodations, surgery or medically appropriate care to restore and maintain the full function of the plaintiff's left wrist and knee, examination by a low-vision specialist, free "matter for the blind" envelopes, and replacement of two pairs of special polarized prescription glasses that were prescribed for him on June 14, 2012, and a pair of Beecher Mirage light weight rimless viewing field binocular glasses that the defendants lost on December 28, 2010.  The plaintiff also asks that the defendants provide him a laptop computer with Microsoft Word and a zoom text program for the blind as well as a small printer with toner and paper as needed.

In response to the motion, the defendants have provided the affidavit of Deputy Warden Nathan Hein stating that the plaintiff was transferred to Garner Correctional Institution on October 15, 2013.  The plaintiff has a walking cane or

stick and an electronic magnifier to assist him in reading. He also is in regular contact with a representative from The Association for the Blind. Garner staff is working with The Association for the Blind to install software for sight-impaired persons on a library computer to which the plaintiff would have access.

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Grand River Enterprise Six Nations Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). Preliminary injunctive relief is designed to preserve the status quo until the court has an opportunity to rule on the lawsuit's merits. See McCormack v. Hiedeman, 694 F.3d 1004, 1019 (9th Cir. 2012).

To obtain preliminary injunctive relief, the moving party must establish "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010) (internal quotation marks and citation omitted). Although a showing that the plaintiff will suffer irreparable injury before a decision on the merits of the claim can be reached is insufficient, standing alone, to warrant preliminary injunctive relief, it is the most significant condition that must be demonstrated. See Daniels v. Murphy, 3:11cv286 (SRU), 2012 WL 5463072 (D. Conn. Nov. 8, 2012).

If a party seeks a mandatory injunction, i.e., an injunction that alters the status quo by commanding the defendant to perform a positive act, he must meet

a higher standard. He must demonstrate "a 'substantial' likelihood of success on the merits." New York Progress and Protection PAC v. Walsh, 733 F.3d 483, 486 (2d Cir. 2013). Questionable claims would not meet the likelihood of success requirement. See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 340 (1999). Here, the plaintiff seeks to change the status quo by requiring the Department of Correction to provide items he currently does not possess and afford him special accommodations. Thus, he must meet this higher standard.

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. See Kern v. Clark, 331 F.3d 9, 12 (2d Cir. 2003). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed. 1995). Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

As an initial matter, the court notes that when the plaintiff filed his complaint and motion for preliminary injunctive relief, he was confined at Corrigan Correctional Institution. The plaintiff now is confined at Garner Correctional Institution. "A prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility." Thompson v. Carter, 284 F.3d 411, 415 (2d Cir. 2002); see

3

<u>Wellington v. Langendorf</u>, NO. 9:12-CV-1019 (FJS/DEP), 2013 WL 3753978, at * (N.D.N.Y. July 15, 2013) (noting settled law in this circuit provides that transfer to a different correctional facility moots inmate's claim for injunctive relief against transferor facility); <u>see also</u> <u>Thompson v. Choinski</u>, 525 F.3d 205, 209 (2d Cir. 2008) (affirming dismissal in federal habeas petition of inmate's claim for kosher food and access to the prison library because he had been transferred to a different facility).  Accordingly, any requests directed to the plaintiff's confinement at Corrigan Correctional Institution, such as a single cell in his current housing unit, are moot.

      The defendants indicate that the plaintiff has been provided a walking cane or stick to enable him to navigate around the facility and an electronic magnifier to enable him to read documents.  The staff is working to equip a library computer with programs designed for use by the blind.   In addition, the plaintiff is in contact with a representative from The Association for the Blind.  Thus, it appears that the plaintiff's main concerns and requests for accommodation of his disability to enable him to navigate around the facility and pursue his legal claims are being addressed.  The motion for preliminary injunctive relief is denied with regard to all requests relating to accommodation of the plaintiff's disability and for devices to assist him in reading or preparing documents.

      In the motion for preliminary injunctive relief, the plaintiff also seeks medical care for his wrist and knee.   The plaintiff has included a claim for this medical attention in his complaint.  <u>See</u> Doc. #1-1 at 47.  The defendants do not address this request.  The plaintiff alleges, however, that he was taken to the

medical unit, examined and given x-rays and braces.  Thus, he was provided some treatment, albeit not the treatment he would prefer.

To state such a claim for deliberate indifference to a serious medical need, the plaintiff must allege facts demonstrating sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel.  See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976).  There are both subjective and objective components to the deliberate indifference standard.  See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995).  Objectively, the alleged deprivation must be "sufficiently serious."  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The condition must produce death, degeneration or extreme pain.  See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).  Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions.  Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006).  A difference of opinion regarding what constitutes an appropriate response and treatment, does not constitute deliberate indifference to a serious medical need.  See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).  Nor is negligence sufficient to establish deliberate indifference to a serious medical need.  See Hathaway, 37 F.3d at 66.

The plaintiff was afforded treatment for his injuries and the complaint does not name any medical doctor or nurse who would have treated the plaintiff. Absent an appropriate defendant and with the concession that he was provided

5

some treatment, the court concludes that the plaintiff has not demonstrated a substantial likelihood of success on this claim.  Thus, preliminary injunctive relief is not warranted.

Finally, the plaintiff seeks the prescription eyeglasses he was prescribed in June 2012 but not provided.  The defendants do not address this request in their response.  The failure to comply with prescribed treatment can constitute deliberate indifference to a serious medical need.  See Estelle v. Gamble, 429 U.S. at 104-05 (interference by correctional staff with prescribed treatment can constitute deliberate indifference to serious medical need); Todaro v. Ward, 565 F.2d 48, 52 (2d Cir. 1977) (failure of medical staff to comply with physician's orders resulted in improper treatment to support deliberate indifference claim).  Because the failure to provide prescribed prescription glasses to a person like the plaintiff, whose vision is severely impaired, could support a deliberate indifference claim the plaintiff's motion for preliminary injunctive relief is granted as to this claim.

The plaintiff's motion for temporary restraining order and preliminary injunction [Doc. #5] is GRANTED as to the claim regarding prescription glasses and DENIED in all other respects.  The defendants are directed to verify that the plaintiff was prescribed special eyeglasses and, if so, to provided them to the plaintiff.

It is so ordered.

_____/s/_____
Vanessa L. Bryant
United States District Judge

**Dated at Hartford, Connecticut: February 28, 2014.**